JUDGE MARRERO

**11 CIV 0155**

Martin F. Casey
Thomas M. Grasso
**CASEY & BARNETT LLC**
65 West 36th Street, 9th Floor
New York, New York 10018
(212) 286-0225
Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X

US ENGINE PRODUCTION, INC. and HANA COHEN,    11 Civ.     ( )( )

      Plaintiffs,

                                ECF CASE

      - against -

AGCS MARINE INSURANCE COMPANY and
STARR INDEMNITY & LIABILITY COMPANY,

      Defendants.                                                                 **COMPLAINT**
-------------------------------------------------------------X

      Plaintiffs, U.S ENGINE PRODUCTION, INC. and HANA COHEN, (hereinafter collectively "Cohen" or "the Assured"), by and through its attorneys, CASEY & BARNETT LLC, as and for their Complaint against AGCS MARINE INSURANCE COMPANY (hereinafter "AGCS") and STARR INDEMNITY & LIABILITY COMPANY (hereinafter "Starr") alleges upon information and belief as follows:

## INTRODUCTION

1. This is an Admiralty claim seeking Declaratory Judgment of coverage provided by an "all risks" Policy for marine insurance on the hull of a recreational vessel.

## PARTIES

2. At all material times, plaintiff U.S ENGINE PRODUCTION, INC. was and is a New York corporation with an office and place of business located at 155 Raynor Street, Ronkonkoma, New York 11779.

3. At all material times, plaintiff HANA COHEN is a natural person and resident of the State of New York domiciled at 86-37 Midland Parkway, Jamaica, New York 11432.

4. Plaintiffs bring this action on their own behalf for the interest of all parties who may be or may become interested in the claims herein referred to, as their respective interests may ultimately appear.

5. At all material times, defendant AGCS was an is an Illinois corporation with an office and place of business located at One Chase Manhattan Plaza, 37th Floor, New York, New York 10008.

6. At all material times, defendant Starr was and is a Texas corporation with an office and place of business located at 399 Park Avenue, New York, New York 10022.

## JURISDICTION & VENUE

7. This is an admiralty and maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure. The parties consent to the jurisdiction of this Court. Jurisdiction is predicated upon 28 U.S.C. §1333 and the General Maritime Law of the United States.

8. Venue is proper as all parties reside and/or maintain offices in the State of New York, the subject marine insurance policy was issued in New York, New York, and the parties have consented and agreed to this Court as a proper venue for this case, and venue is proper pursuant to 28 U.S.C. §1391.

## FACTS

9. Cohen is the registered owner of a 2006, 50-foot Cranchi, "Mediterranean" vessel, Hull I.D. No. XGUP6607K506, named "PLAN B" (hereinafter "the Vessel"), which was duly registered with the New York State Department of Motor Vehicles.

10. The Vessel was of fiberglass hull construction and equipped with twin Volvo-Penta D-12 marine diesel engines.

11. The Vessel was fully outfitted and equipped for navigation, in good working order, staunch, tight and in all respects seaworthy.

12. Cohen applied for marine insurance coverage of the Vessel's hull against all risks with Pantaenius Yacht Insurance, (hereinafter "Pantaenius")

13. Cohen applied to Pantaenius for Hull and Property Coverage for the Vessel with Pantaenius.

14. Pantaenius was and is the duly authorized agent of AGCS and Starr, who authorized it to issue marine insurance policies on their behalf.

15. On or about January 7, 2010, Pantaenius issued Pantaenius America Yacht Policy (PAYP) No. 14.1001/US/0110 for Hull and Property Coverage (hereinafter "the Policy") to Cohen, as duly authorized by AGCS and Starr.

16. "US ENGINE PRODUCTION c/o HANA COHEN" are the named Assureds under the Policy.

17. AGCS and Starr share the risk 50/50.

18. The Policy became effective on or about January 7, 2010.

19. The Policy remained in effect at all times material to this action.

20. The Policy provided Hull and Property Coverage to the Assureds against "all accidental risks of physical loss or damage to the insured property."

21. Hull coverage included, inter alia, coverage against the risks of theft of the Vessel.

22. The Vessel's authorized cruising area under the Policy was, "Waters between 20 degrees North and 10 degrees South and between 90 degrees East and 160 degrees East. Scope of Navigation includes waters of Singapore and Thailand."

23. The Policy provides for an "Agreed Fixed Value" for the Vessel's hull, including inventory, equipment, engines an tenders, in the amount of $700,000, which, according to the Policy, is conclusive of the insured value.

24. At all material times the Vessel was used exclusively for recreational use.

25. In January 2009, the Vessel was transported aboard an ocean cargo vessel from the United States to Singapore.

26. The Vessel was transported to Singapore because the Cohen family planned to use the Vessel for a family reunion and vacation cruise from Singapore to Thailand.

27. In Singapore, Asaf Cohen, the son of Hana Cohen and corporate secretary of US ENGINE PRODUCTION, INC., met and accepted possession of the Vessel upon discharge from the ocean cargo vessel in Singapore.

28. Asaf Cohen sailed the Vessel under its own power from Singapore to Phuket, Thailand.

29. Asaf Cohen had pre-arranged with a business associate whom he trusted, Harold Renhovde, a Norwegian national residing and operating a business in Thailand, to take possession of the Vessel, hauled it the water, and to store it for safe keeping until the Cohen family returned to Thailand for their vacation.

30. Mr. Renhovde took possession of the Vessel and placed it into a storage facility under his ownership and/or control. Asaf Cohen departed Thailand.

31. Thereafter, Asaf Cohen had reason to believe that Mr. Renhovde was acting inappropriately and in breach of their trust, and had reason to be concerned about the Vessel's safety. Asaf Cohen, along with his brother from Israel, returned to Phuket, Thailand to recover the Vessel from Mr. Renhovde.

32. In their efforts to try to recover the Vessel, it was made clear to Asaf Cohen and his brother that their lives were in danger should they stay in Phuket, Thailand any longer or attempt any further recovery of the Vessel.

33. Asaf Cohen and his brother departed Thailand, with the assistance of the Israeli embassy, and returned to the United States, without the Vessel.

34. Cohen gave timely notice to Pantaenius of the loss of the Vessel due to the actions of Mr. Renhovde.

35. The events comprising the claim are an "occurrence" under the Policy.

36. In April 2010, Cohen, through an attorney in Thailand, made formal demands upon Mr. Renhovde for the return of the Vessel. This effort was unsuccessful.

37. In June 2010, Cohen, through an attorney in Thailand, filed criminal charges for embezzlement against Mr. Renhovde to recover the Vessel. These efforts were unsuccessful.

38. Cohen and agents representing AGCS and Starr worked together in an attempt to recover the vessel. These efforts were unsuccessful.

39. The Vessel has never been returned, recovered, is unable to be returned or recovered.

40. The Vessel is a total loss.

41. Cohen has submitted a Claim to AGCS and Starr demanding payment under the Policy for the total loss of the Vessel in the Agreed Fixed Value amount of $700,000.

42. Cohen at all times acted as a reasonably prudent uninsured in all efforts to recover the Vessel, mitigate damages, and as otherwise required under the Policy.

43. Cohen took all reasonable measures to avoid and or reduce damages and liabilities as if they were uninsured.

44. The loss occurred during the applicable coverage period of the Policy.

45. The loss occurred in the permitted cruising area permitted under the Policy.

46. The loss did not occur do to an excluded cause of loss.

47. Cohen has given sworn testimony on at least three occasions at the request of AGCS, Starr and/or its agents.

48. Cohen followed all instructions by AGCS, Starr and/or its agents, and has fully cooperated in all investigations and efforts to recover the Vessel.

49. Cohen paid all premiums, $14,000 annually, required under the terms of the Policy.

50. Cohen has performed all obligations required under the Policy.

51. The Claim is a loss recoverable under the Policy.

52. AGCS and Starr were obligated under the Policy to pay Cohen's claim within sixty days, which has expired.

53. AGCS and Starr have declined coverage under the Policy.

54. AGCS's and Starr's declination of coverage under the Policy is improper.

55. AGCS and Starr have failed and refused, after demand, to pay the Claim.

**WHEREFORE**, plaintiffs demands an adjudication of coverage afforded by the Policy and, upon confirmation of coverage, issuance of an Order directing defendants to pay the Claim in the amount of $700,000, plus pre-judgment interest, costs, disbursements, attorney fees, and such other and further relief as this Court deems just and proper.

Dated: New York, New York
       January 7, 2011
       379-01

**CASEY & BARNETT LLC**
Attorneys for Plaintiff

By: _/s/ Martin F. Casey_

Martin F. Casey
Thomas M. Grasso
65 West 36th Street, 9th Floor
New York, New York 10018
(212) 286-0225